United States District Court
Southern District of Texas
**ENTERED**
May 24, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ADRIAN VINCENT DUNCAN, (TDCJ-CID #1711676) | § § § § | |
| Petitioner, | § § | |
| VS. | § § | CIVIL ACTION NO. H-18-1659 |
| LORIE DAVIS, | § § § | |
| Respondent. | § | |

**MEMORANDUM ON DISMISSAL**

Adrian Vincent Duncan has filed a petition for habeas corpus relief under 28 U.S.C. § 2254 challenging his 2011 conviction and sentence. He challenges a conviction in the 263rd Judicial District Court of Harris County, Texas. On March 28, 2011, the court convicted Duncan of burglary of a habitation with intent to commit theft. (Cause Number 1266187). The court sentenced Duncan to thirty-five years imprisonment.

On October 31, 2014, Duncan filed a federal petition for a writ of habeas corpus, Civil Action Number H-14-3125, challenging his 2011 conviction. On September 23, 2015, this Court denied Duncan's claims on the merits.

In the instant federal petition filed on May 17, 2018, Duncan challenges the same conviction and sentence. (Docket Entry No. 1, Petition for a Writ of Habeas Corpus, p. 2). Duncan seeks permission to file a second or successive petition. (*Id.* at 1).

O:\RAO\VDG\2018\18-1659.a01.wpd

The issue of whether a habeas corpus petition is successive may be raised by the district court *sua sponte*. *Rodriguez v. Johnson*, 104 F.3d 694, 697 (5th Cir. 1997). This Court lacks jurisdiction to consider Duncan's petition as it is a "successive" application governed by the amendments to the AEDPA requiring that the Fifth Circuit authorize the district court to consider the application before it is filed in the district court.

Title 28 U.S.C. § 2244(b)(3)(A) (1998) provides, "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." There is no indication on the record that the United States Court of Appeals for the Fifth Circuit has authorized this Court to consider Duncan's successive application, and therefore, this Court lacks jurisdiction to consider Duncan's habeas claims.[1]

Duncan's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DISMISSED for lack of jurisdiction.

SIGNED at Houston, Texas, on May 23, 2018.

VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE

---

[1] When a civil action is filed in a court and that court finds that there is a want of jurisdiction, the court shall transfer the action to any other court in which the action could have been brought at the time it was filed. 28 U.S.C. § 1631. The action shall proceed as if it had been filed in the court to which it is transferred on the date upon which it was actually filed in the court from which it was transferred. *Id.*
From Duncan's litigation history, the Court determines that Duncan is capable of refiling this suit in the United States Court of Appeals for the Fifth Circuit.